IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00413-WYD-MEH

LIDIA BARRERA, and
TELESFORO BARRERA, SR.,

    Plaintiffs,

v.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

    Defendant.

## AGREED ORDER OF CONFIDENTIALITY

**Michael E. Hegarty, United States Magistrate Judge.**

    This day came the parties, by counsel, and represented to the Court that they have determined that this action may involve the discovery and disclosure of confidential and sensitive information, including confidential and commercial information, proprietary information and trade secrets. Accordingly, the parties agree and it is hereby ORDERED as follows:

1.    "CONFIDENTIAL INFORMATION" is hereby defined as a trade secret or other commercial information or material, the disclosure of which is likely to prejudice the rights of one or more of the parties hereto or the rights of any third party presenting that information. Confidential Information on this case shall include, but not be limited to, any and all manuals or training materials produced by ANPAC as part of the discovery in this case and/or any other documents produced by Defendant which are designated as confidential.

2.    Any party or witness in this litigation may, in good faith, designate information or materials disclosed, produced or filed by that party or person in the course of this litigation as "CONFIDENTIAL INFORMATION" in the manner hereinafter set forth or by separate written

agreement of the parties herein at any time.

3.     All or any part of a document disclosed, produced or filed by any party in this litigation may be designated as "CONFIDENTIAL" by the disclosing party or person by marking the word "CONFIDENTIAL" on the face of the document and on each subsequent page.

4.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

5.     Documents designated "CONFIDENTIAL" may be used and referred to in depositions, but will not be attached to deposition transcripts. Further, if any portion of the text of such documents is read into the record in a deposition, the producing party may petition to Court for leave to have that deposition sealed.

6.     All or any part of responses to interrogatories, requests for admission or requests for production of documents may be designated as "CONFIDENTIAL" by the responding party by

marking the words on the face of the response and each page so designated.

7.  Documents designated "CONFIDENTIAL" may be used and referred to in briefs and affidavits. If confidential documents are used or referred to in briefs or affidavits, said briefs shall be filed under seal with the Court.

8.  Material designated as "CONFIDENTIAL" shall be used or disclosed solely in this action, and in accordance with this Stipulation, and such "CONFIDENTIAL INFORMATION" shall not be used in any other litigation or for any other purpose without order of the Court.

9.  Other than Court personnel, commercial photocopying firms, or as provided below, access to "CONFIDENTIAL INFORMATION" shall be limited to:

(a) the parties;

(b) counsel of record for the respective parties and employees of said counsel; and

(c) experts and consultants who are employed, retained or otherwise consulted by counsel or a party for the purpose of assisting in this litigation.

10.  Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL INFORMATION" of the terms of this Stipulation as well as the obligation to comply with those terms.

11.  "CONFIDENTIAL INFORMATION" may be disclosed in a deposition in this action in accordance with paragraph 4 above, and the producing party shall so advise the court reporter.

12.  "CONFIDENTIAL INFORMATION" may be disclosed to the Court in connection with any filing or proceeding in this action only in accordance with paragraph 6 above.

13.  Upon the termination of this action by judgment, settlement or otherwise, all parties shall return to counsel for such producing party all "CONFIDENTIAL INFORMATION" received from such party, including all copies, prints, summaries and other reproduction of such information in the

possession of the parties, their counsel, retained experts or consultants.

14. This Agreed Order of Confidentiality shall not affect the ability of any party to use any documents for the purposes of this case or to use any document as an exhibit at trial, and the trial of this case shall not be closed to the public.

15. This Agreed Order of Confidentiality shall survive the termination of this action and continue in full force and effect.

Dated and entered at Denver, Colorado, this 3rd day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

Dated: September 27, 2012

Dated: October 2, 2012

/s/ Michael J. Rosenberg
Michael J. Rosenberg, Esq.
Barrett Weisz, Esq.
Nelson A. Waneka, Esq.
ROBERTS LEVIN ROSENBERG, PC
1660 Wynkoop, Suite 800
Denver, CO 80202
(303) 575-9390
*Attorneys for Plaintiffs* LIDIA BARRERA and TELESFORO BARRERA, SR.

/s/ Bruce W. Kelley
Bruce W Kelley, Esq.
Nevada Bar No. 7331
Thomas E. Winner, Esq.
Nevada Bar No. 5161
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
(702) 243-7000
*Attorneys for Defendant AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY*